**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

UNITED STATES OF AMERICA

v.                                                              CAUSE NO.: 1:08-CR-17-TLS

LEROY A. TRICE, JR.

**OPINION AND ORDER**

This matter is before the Court on a Motion to Withdraw [ECF No. 109], filed by

Attorney Thomas N. O'Malley on April 10, 2019. For the reasons set forth below, the Court

grants Attorney O'Malley's Motion to Withdraw.

On January 18, 2019, the Defendant filed a Motion for Appointment of Counsel,

requesting the appointment of counsel to determine his eligibility for a sentence reduction under

recently enacted statutes. (ECF No. 103). The Court granted the motion in an Order on February

15, 2019 (ECF No. 104), and on February 18, 2019, Attorney Thomas N. O'Malley entered his

appearance on behalf of the Defendant (ECF No. 105). On March 12, 2019, as directed in the

Court's Order, the United States Probation Office filed an Addendum to the Presentence Report

(ECF No. 108). Subsequently, Attorney O'Malley filed his Motion to Withdraw on the basis that

the Defendant is not entitled to a reduction in his sentence. Pursuant to the Court's Order, the

Defendant then had thirty days to file a pro se motion for reduction of sentence. (ECF No. 104).

More than thirty days have elapsed since Attorney O'Malley filed his Motion to Withdraw, and

the Defendant has not filed a pro se motion for reduction of sentence.

Section 404 of the First Step Act permits a court to reduce a defendant's sentence for a

crack cocaine offense, but only if the Court had imposed that sentence before another statute—

the Fair Sentencing Act—lowered the statutory sentencing range for that crack cocaine offense.

First Step Act, § 404(b). In essence, the First Step Act retroactively applies the Fair Sentencing Act's lower statutory sentencing ranges and allows the Court to bring past sentences into line with the lower ranges. The authority to reduce a sentence applies only to (1) federal offenses (2) committed before August 3, 2010, the effective date of the Fair Sentencing Act, (3) for which the Fair Sentencing Act changed the statutory penalty range, i.e., certain crack cocaine offenses. *See* First Step Act, § 404(a); *see also Dorsey v. United States*, 567 U.S. 260, 269 (2012) (noting that the Fair Sentencing Act "increased the drug amounts triggering mandatory minimums for crack trafficking offenses from 5 grams to 28 grams in respect to the 5-year minimum and from 50 grams to 280 grams in respect to the 10-year minimum").

On December 14, 2009, the Defendant was sentenced to 188 months of imprisonment and eight years of supervised release after pleading guilty to possession with intent to distribute 5 grams or more of cocaine base, commonly known as crack, a Schedule II Controlled Substance, in violation of 21 U.S.C. § 841(a)(1), charged in the Indictment. (ECF Nos. 12, 42, 43, 68, 69). On December 10, 2010, the Defendant's sentence was amended to 168 months of imprisonment. (ECF No. 78). On September 24, 2012, the Court found that the Defendant was not eligible for a reduction in sentence pursuant to the Fair Sentencing Act because his guideline range was driven by his status as a career offender. (ECF No. 95).

The Defendant's offense took place on or about January 18, 2008. (Indictment, ECF No. 12). The penalty for this violation is 10 years of imprisonment to life followed by a term of supervised release of at least 8 years. *See* 21 U.S.C. § 841(b)(1)(B). Because the Defendant was convicted of a "covered offense" under Section 404 of the First Step Act, and the offense was committed prior to August 3, 2010, the new guideline calculations under the Fair Sentencing Act are applicable. However, for the reasons stated in the Addendum to the Presentence Report and

the Motion to Withdraw, the Court finds that the amended sentencing guidelines do not entitle the Defendant to a reduction in his sentence. Specifically, because the Defendant's Criminal History Category is VI and his total offense level is 30, his guideline range remains unchanged at 168 to 210 months of imprisonment. Therefore, Section 404 of the First Step Act does not support a reduction in the Defendant's sentence.

Additionally, the execution of sentences and the computation of jail time is an administrative function under the authority of the Office of the Attorney General, which has delegated this task to the BOP. *See United States v. Wilson*, 503 U.S. 329, 334 (1992). Nothing in the First Step Act transfers that authority to the courts. *See, e.g.*, 18 U.S.C. § 3642 (setting forth the duties of the Bureau of Prisons as it pertains to prerelease custody). Accordingly, the Court cannot discern any basis for the Defendant to receive relief from the Court under the First Step Act.

## CONCLUSION

For the reasons stated above, the Court GRANTS the Motion to Withdraw [ECF No. 109], and the appearance of Attorney Thomas N. O'Malley on behalf of the Defendant is hereby withdrawn.

SO ORDERED on June 5, 2019.

 s/ Theresa L. Springmann
CHIEF JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT